UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SARA BETH MATTINGLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:17-CV-267-DJH |
| | ) |
| UNITED PARCEL SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Sara Beth Mattingly, ("Mattingly"), by counsel, brings this action against Defendant, United Parcel Services alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2. Mattingly is a resident of Taylor County in the Commonwealth of Kentucky.

3. Defendant is a public corporation that maintains offices and conducts business in Jefferson County in the Commonwealth of Kentucky within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367 and 42 U.S.C.

§2000e-5(f)(3). Mattingly's state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and KRS 344.030(2).

7. Mattingly was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and KRS 344.030(5).

7. Mattingly satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on sex and retaliation. Mattingly received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Mattingly was hired by Defendant on or about December 18, 2013. Mattingly serves as a Warehouse Associate on second Shift at Standard Register.

10. At all relevant times, Mattingly met or exceeded Defendant's legitimate performance expectations.

11. Near the end of January, Matt Garcia, a supervisor, was moved to second shift and became Mattingly's direct supervisor.

12. Mattingly learned a position in Order Control would be coming open, because the incumbent would be retiring soon. This position would have been a promotion for Mattingly.

13. Mattingly expressed interest in the Order Control position to Garcia. Garcia told Mattingly that, since the incumbent was going to be out on medical leave, he would allow Mattingly to train in the position while the incumbent was out.

14. Shortly afterward, Garcia began to sexually harass Mattingly. Examples of the harassment include, but are not limited to, the following: (1) on or about February 17, 2016, Garcia requested that Mattingly get in his car and go on break with him. During the break, Garcia showed Mattingly a naked picture of his girlfriend and asked Mattingly, who is gay, why she doesn't date men anymore; (2) A week later, Garcia again asked Mattingly why she did not date men and proceeded to tell her that it was because she hadn't "had the right dick" yet; (3) Garcia has texted and messaged Mattingly inviting her out to have drinks with him; and (4) Garcia has required Mattingly to take smoke breaks with him;

15. Mattingly told Garcia that if he did not stop harassing her, she was going to report him to Human Resources. Garcia told Mattingly that she "could do what [she] want[s]" and that he had gotten away with it in the past.

16. On or about March 21, 2016, Mattingly reported that she was being sexually harassed by Garcia to Stephanie, another supervisor. Stephanie asked Mattingly whether she was sure that she wanted to report him. Despite concerns over the implication of Stephanie's statement, Mattingly confirmed that she wanted to report

it. Stephanie took the complaint to Tony Poiyles, Plant Manager.

17. On or about March 22, 2016, Mattingly met with Human Resources. Defendant suggested that Garcia was just being friendly and that it was not sexual harassment. Defendant continued to minimize the issue and informed Mattingly that she was making serious allegations and that if they could not be confirmed, would result in her termination from employment.

18. Meanwhile, Garcia was informed that Mattingly had reported him. Immediately following Mattingly's meeting with Human Resources, Garcia gave Mattingly a Final Written Warning for alleged attendance issues. Garcia commented that he was "probably going to regret trying to be [Mattingly's] friend." Garcia also stated that he could take attendance occurrences off because, as he put it, if Mattingly stuck her head out for him, he could stick his head out for her.

19. Garcia has a long history of sexually harassing other female employees that was well known to the Defendant prior to the time Mattingly was sexually harassed by him.

20. Similarly situated individuals who did not refuse Garcia's sexual advances or engage in protected activity were not held to the same attendance standards.

21. After her complaint of sexual harassment, Garcia did not place Mattingly in the Order Control position to be trained and, instead, promoted a less qualified individual who had not refused his sexual advances or engaged in protected activity.

22. Due to the ongoing harassment and retaliation, Mattingly opted to resign

4

her employment on or about May 23, 2016.

## V. CAUSES OF ACTION

### COUNT I: SEXUAL HARASSMENT

23. Mattingly hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint.

24. Mattingly was subject to unwelcome sexual advances by Garcia, her supervisor.

25. Defendant was aware of Garcia's propensity to sexually harass hi subordinate employees; however, it took no effective remedial action.

26. Defendant actions were intentional, willful and in reckless disregard of Mattingly's rights as protected by Title VII of the Civil Rights Act of 1964.

27. Mattingly has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: RETALIATION

28. Mattingly hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant discriminated against Mattingly because she engaged in protected activity.

30. Defendant's actions were intentional, willful and in reckless disregard of Mattingly's rights as protected by Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

31. Mattingly suffered damages as a result of Defendant's unlawful actions.

5

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Sara Beth Mattingly, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate and promote Mattingly to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Mattingly of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII and the Kentucky Civil Rights Act;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

 Respectfully submitted,

 BIESECKER DUTKANYCH & MACER, LLC

 By:  /s/ Andrew Dutkanych III
 Andrew Dutkanych III, Atty. No. 23551-49
 411 Main Street
 Evansville, IN 47708
 Telephone:   (812) 424-1000
 Facsimile:   (812) 424-1005
 Email: ad@bdlegal.com

Attorneys for Plaintiff, Sara Beth Mattingly

## **DEMAND FOR JURY TRIAL**

Plaintiff, Sara Beth Mattingly, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Sara Beth Mattingly