

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

James J. Vilt, Jr., Clerk of Court                Gene Snyder Courthouse
502.625.3508                                      601 W. Broadway
                                                  Louisville, Kentucky, 40202


July 23, 2021


Andrew Dutkanych, III, Alysia D. Robben, and Lauren E. Berger
Biesecker Dutkanych & Macer, LLC
144 N Delaware Street
Indianapolis, IN 46204

James J. Swartz , Jr.
Polsinelli PC
1201 W. Peachtree Street, Suite 1100
Atlanta, GA 30309

Kelly J. Muensterman
Polsinelli PC
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102

### In Re: Mattingly v. United Parcel Services (Case No. 3:17-cv-267)

Dear Counsel:

I have been contacted by Judge Boom who presided over the above-mentioned case. Judge Boom informed me that it has been brought to her attention that while she presided over this case, she owned stock in United Parcel Services, Inc.

By way of background, this case was transferred to Judge Boom on April 25, 2018.  Prior to receiving the case, Judge Boom provided the clerk's office with a conflicts list to enter into the court's conflict screening module. Included on her conflicts list was United Parcel Services. A year prior to Judge Boom receiving the case, on July 5, 2017, "UPS Supply Chain Solutions, Inc." had been substituted as the proper party defendant for "United Parcel Services."

As a result, and unbeknownst to Judge Boom, the court's conflict screening software did not identify this matter as one in which a conflict might exist. As you are aware, the only orders entered by Judge Boom related to the parties' agreed order of dismissal on July 16, 2018.

While Judge Boom's ownership of stock neither affected nor impacted her decisions in this case, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Boom directed me to notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Boom's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 13, 2021. Any response will be considered by the Chief Judge of this court without the participation of Judge Boom.

Sincerely,

James J. Vilt, Jr.
Clerk of Court